BOYCE et al. v. SOUTHERN NAT. BANK OF WILMINGTON, N. C., et al.

(Circuit Court of Appeals, Fourth Circuit. February 20, 1913.)

No. 1,109.

RECEIVERS (§ 128*)—RECEIVER'S CERTIFICATES—CORPORATIONS.

On a distribution of the proceeds of a sale of the assets of an insolvent corporation, receiver's certificates are entitled to priority of payment over debts due to stockholders.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 205, 210, 219–222; Dec. Dig. § 128.*

Receivers' certificates, see notes to Postal Telegraph Cable Co. v. Vane, 26 C. C. A. 350; Nowell v. International Trust Co., 94 C. C. A. 601.]

Appeal from the District Court of the United States for the District of South Carolina; Jeter C. Pritchard and Henry A. M. Smith, Judges.

Action between D. C. Boyce and others and Southern National Bank of Wilmington, N. C., and others. From a decree for the latter, the former appeal. Affirmed.

Iredell Meares, of Wilmington, N. C. (George F. Meares, of Wilmington, N. C., Adam B. Littlepage, of Charleston, W. Va., Herbert McClammy, of Wilmington, N. C., and Robert B. Scarborough, of Conway, S. C., on the brief), for appellants.

Benjamin H. Rutledge, of Charleston, S. C. (Mordecai & Gadsden and Rutledge & Hagood, both of Charleston, S. C., on the brief), for appellees.

Before GOFF, Circuit Judge, and BOYD and DAYTON, District Judges.

PER CURIAM. The assignments of error are many; those requiring consideration are few. The jurisdiction of the court below was questioned, but in effect was conceded during the argument. The decree appealed from properly disposed of the funds arising from the sale of the assets of the insolvent corporation, and under the circumstances plainly set forth by the pleadings and testimony, it justly directed the payment of the receiver's certificates. To have directed the payment of debts due the stockholders in preference to said certificates would have been inequitable, would virtually have been borrowing from innocent parties, and applying the money so obtained for the reimbursement of stockholders, who to say the least participated in all the transactions from which came the loss and insolvency referred to in the proceedings in this case. We find no error.

Affirmed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes