WILLCOX et al. v. SOUTHERN NAT. BANK OF WILMINGTON, N. C., et al.
BUELL v. KANAWHA LUMBER CORPORATION.

(Circuit Court of Appeals, Fourth Circuit. March 12, 1914.)

No. 1232.

RECEIVERS (§ 128*)—RECEIVERS' CERTIFICATES—PRIORITY OF PAYMENT.

Where, though attorneys rendered expensive and valuable services to receivers during protracted litigation, they acted for the complainant in instituting the original proceedings, procured the appointments of the receivers and the order authorizing them, upon the security of receivers' certificates, to borrow money to carry on the business, and assisted in negotiating loans, representing to the lenders that the certificates were ample security, and the lenders were compelled to employ independent counsel to defend their interests arising from the loans, the lenders' equities were superior to those of the attorneys, and, the fund in the receivers' hands being insufficient to pay both, it should be paid to the lenders.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. §§ 205, 210, 219–222; Dec. Dig. § 128.*]

Appeal from the District Court of the United States for the Eastern District of South Carolina, at Charleston; Henry A. Smith, Judge.

Action by George F. Buell against the Kanawha Lumber Corporation. From a decree denying compensation as attorneys to P. A. Willcox and another, copartners as Willcox & Willcox, from a fund previously directed paid to the Southern National Bank of Wilmington, N. C., and others, such attorneys appeal. Affirmed.

Henry E. Davis, of Florence, S. C. (F. Barron Grier, of Greenwood, S. C., on the brief), for appellants.

A. G. Ricaud, of Wilmington, N. C., for appellees.

Before KNAPP and WOODS, Circuit Judges, and DAYTON, District Judge.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

PER CURIAM. The original cause has been before this court several times heretofore. It comes now upon an appeal from a decree of the court below, denying compensation to attorneys for the receivers for services rendered them, payable out of the fund in their hands which this court has heretofore approved the payment of to appellee banks in part payment of moneys lent the receivers upon credit of their certificates. Boyce v. Bank, 203 Fed. 698, 122 C. C. A. 82.

There can be no question that these attorneys rendered extensive and valuable legal services to these receivers during this protracted litigation, and it is to be regretted that they should fail of compensation therefor. To compensate them from this remainder of the funds would deplete, to that extent, the amount payable to the banks in return for the moneys lent by them to the receivers and expended by such receivers in their conduct of the business. This fund is now entirely inadequate to reimburse the banks. It is therefore a case of two innocent parties, one of whom must suffer. It appears from the record that these attorneys acted for the complainant in instituting the original proceedings, procured, as such attorneys, the appointments of the receivers and the order authorizing them, upon security of receivers' certificates, to borrow money to carry on the business of the company, and that they assisted the receivers in negotiating the loans from the banks, believing and representing to the banks that the certificates were ample security for the loans made, and finally that the banks, in the course of these proceedings, have been compelled to employ and pay independent counsel to defend their interests arising from such loans. In view of these facts, we cannot help thinking that the superior equity is with the appellees, and that the court below did not err in the entry of the order and decree complained of, which must therefore be affirmed.

Affirmed.